In the Matter fo the Claim of VITO BRACCINO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 1967, disqualifying claimant from receiving benefits on the ground that he voluntarily left his employment without good cause by provoking his discharge. (Labor Law, § 593, subd. 1, par. [a].) The claimant, an employee of the Household Finance Corporation, was dissatisfied with his job and decided to seek employment as a telephone lineman. On Friday, January 13, 1967 he told his office manager that he would have to go to the doctor on Monday, January 16. At 11:00 A.M. on Monday, January 16, claimant's office manager called claimant's home and was advised that he was at the dentist's office. The office manager called again at 3:00 P.M. and there was no answer. In actuality the claimant did not have a doctor's appointment, but went to the Telephone Company where he took a series of tests in connection with an application for employment. Claimant's employer learned of the actual facts and, when he appeared for work the next day, confronted him with the fact that he had not gone to the doctor. The claimant was thereupon discharged for having given a false reason for his absence, and for the further reason that he was dissatisfied with his position and intended to start working for the Telephone Company on or about January 25, 1967, and that his retention would affect the morale of other employees. The board concluded that the claimant, in addition to his dissatisfaction with his job, gave an incorrect reason for his absence which triggered his discharge, and that claimant was, therefore, responsible for his own unemployment. "Whether claimant's actions constituted a voluntary leaving of employment without good cause by provoking his discharge is a factual determination for the board." (*Matter of Fishbein* [*Catherwood*], 28 A D 2d 1059; *Matter of Tatem* [*Catherwood*], 26 A D 2d

607.) The decision of the board is supported by substantial evidence, and may not be disturbed. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by the court.