■ In the Matter of the Claim of DEBORAH SANFORD, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 30, 1975, which reversed the decision of a referee overruling the initial determination of the Industrial Commissioner and found claimant disqualified from receiving benefits because she lost her employment through misconduct. Claimant's working hours were from 6:00 A.M. to 2:30 P.M. On the day in question, claimant requested permission to leave at 7:50 A.M. after a friend advised the foreman that claimant's mother was ill and had been taken to a hospital. The employer learned of the fabricated story when he called to advise the claimant that she was to be laid off at the end of the work day. Claimant returned to the plant later in the day to pick up her paycheck and she was discharged because she obtained permission to leave the job under false pretenses. The credible evidence fully supports the finding that the claimant left work under false pretenses. The determination of the issue of misconduct is a factual one and if supported by substantial evidence must be affirmed (Matter of Lester [Catherwood], 30 AD2d 1025). The giving of a false reason for absence from employment constitutes misconduct (Matter of Braccino [Catherwood], 30 AD2d 609). Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.